## POLLUTION CONTROL INDUSTRIES OF AMERICA, INCORPORATED, a Missouri corporation, Plaintiff–Appellant,

v.

## Linda R. VAN GUNDY, Jack J. Genova and Michael J. Genova, Defendants–Appellees.

### No. 91–1872.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 16, 1992.

Decided Nov. 19, 1992.

Nathaniel Ruff (argued), Lesniak & Ruff, East Chicago, Ind., for plaintiff-appellant.

Randall J. Nye (argued), Beckman, Kelly & Smith, Hammond, Ind., for defendants-appellees.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Plaintiff Pollution Control Industries of America ("PCIA") appeals the judgment by the United States District Court for the Northern District of Indiana, 759 F.Supp. 472, granting the defendants' motion to dismiss the complaint. PCIA, in fact, agrees with the judgment but is unhappy with the reasons for the judgment. PCIA asks us to review the district court's opinion and reverse the court's reasoning, although not the court's judgment dismissing the complaint without prejudice.

PCIA filed its complaint on March 12, 1990, in the Northern District of Indiana. PCIA alleged that the defendants, Linda R.

Van Gundy, Jack J. Genova, and Michael J. Genova, breached an oral term of an agreement for the sale of a building to PCIA to clean up PCB contamination in the building. PCIA, a Missouri corporation with its principal place of business in East Chicago, Indiana, based the district court's jurisdiction on diversity of citizenship because it alleged that all of the defendants were residents of Kansas. The building involved in this breach of contract action is in Kansas City, Kansas. Nowhere in the complaint, however, did the facts suggest why the district court had personal jurisdiction over the defendants.

The defendants filed a motion to dismiss the complaint on May 4, 1990, for lack of personal jurisdiction over the defendants. Because the district court did not rule on the motion to dismiss, the defendants did not file an answer to the complaint before a trial date was set. At a final pretrial conference on February 15, 1991, the district court indicated it was inclined to dismiss the complaint for lack of personal jurisdiction over the defendants in Indiana. A bench trial was scheduled for March 4, 1991. On February 19, 1991, however, PCIA filed a Suggestion of Lack of Subject Matter Jurisdiction with the district court. PCIA stated in its Suggestion that the defendant Michael Genova was a resident of Missouri, and therefore, complete diversity between the parties did not exist. The defendants responded to PCIA's Suggestion of Lack of Subject Matter Jurisdiction and stated that there was no need to decide the issue of subject matter jurisdiction when the court clearly lacked personal jurisdiction over the defendants. The defendants stated that the issue of personal jurisdiction had been before the court for ten months and was fully briefed by both parties.

The district court granted the defendants' motion to dismiss the complaint for lack of jurisdiction over the defendants in its Memorandum Opinion and Order on March 14, 1991. The court found that Indiana's long-arm statute did not extend to these defendants who did not have sufficient contacts with Indiana. The court refused to let PCIA, which admitted that its complaint failed to allege facts showing a basis for personal jurisdiction over the defendants, amend the complaint because the proposed amendment also did not show an adequate basis for jurisdiction. The district court took no action with regard to PCIA's Suggestion of Lack of Subject Matter Jurisdiction at any time during this litigation.

The district court's judgment was entered on March 15, 1991, ordering the complaint dismissed without prejudice. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the defendants filed a Motion to Alter or Amend Judgment and for Attorney Fees and Costs on March 25, 1991. The defendants had requested attorney fees under Rule 11 in their brief supporting their Motion to Dismiss filed May 4, 1990, but the court did not rule on this request in its Memorandum Opinion and Order. PCIA filed a Notice of Appeal on April 12, 1991. On May 15, 1991, in a Memorandum Opinion and Order, the district court denied the defendants' motion to alter or amend the judgment and granted their motion for attorney fees and costs. The defendants were ordered to file affidavits in support of the fees and costs which they did on May 23, 1991. There had been no final order or judgment on this issue as of the time of oral argument on September 16, 1992.

We asked PCIA to file a memorandum stating why this appeal should not be dismissed for lack of jurisdiction. We noted in our order that a motion pursuant to Rule 59(e) tolls the period for any notice of appeal by a party. Thus PCIA's notice of appeal made before the district court ruled on the 59(e) motion could be invalid, and we would not have jurisdiction over this appeal according to Rule 4(a)(4) of the Federal Rules of Appellate Procedure.

We need not decide whether the defendants' Motion to Alter or Amend Judgment and for Attorney Fees and Costs was properly brought as a Rule 59(e) motion and thus nullified PCIA's notice of appeal filed before the district court decided this motion, *see Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289

(1988); *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515 (7th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992), because we do not have jurisdiction over this appeal for a different reason.

[1, 2] A party generally may not appeal an order entered in the party's favor. *Perez v. Ledesma,* 401 U.S. 82, 87 n. 3, 91 S.Ct. 674, 677 n. 3, 27 L.Ed.2d 701 (1971); *Gunn v. University Comm. to End the War in Vietnam,* 399 U.S. 383, 390 n. 5, 90 S.Ct. 2013, 2017 n. 5, 26 L.Ed.2d 684 (1970); *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 555 (9th Cir.1986), *cert. denied,* 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). An exception is that "[a] party is allowed to appeal from a judgment nominally or for that matter substantially in his favor, provided only that it is adverse to him in some respect." *First Nat'l Bank of Chicago v. Comptroller of the Currency of the U.S.,* 956 F.2d 1360, 1363 (7th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 93, 121 L.Ed.2d 55 (1992). "But a winner cannot appeal a judgment merely because there are passages in the court's opinion that displease him—that may indeed come back to haunt him." *Abbs v. Sullivan,* 963 F.2d 918, 924 (7th Cir.1992). The Supreme Court in *California v. Rooney,* 483 U.S. 307, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987), repeated its maxim that the Court "reviews judgments, not statements in opinions." *Id.* at 311, 107 S.Ct. at 2854 (citation omitted). *See Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984); *Black v. Cutter Laboratories,* 351 U.S. 292, 297, 76 S.Ct. 824, 827, 100 L.Ed. 1188 (1956). It follows, therefore, that just because a party does not want the opinion as precedent in the case does not warrant appellate review. *Rooney,* 483 U.S. at 311 n. 2, 107 S.Ct. at 2854 n. 2 ("law-of-the-case doctrine provides no justification for our granting review").

PCIA agrees that the case was properly dismissed without prejudice, but PCIA is not happy with the reasons for the judgment, mainly that the district court found it had no jurisdiction over the defendants. Thus PCIA wants the case dismissed for lack of subject matter jurisdiction, not for lack of personal jurisdiction.

In its memorandum on jurisdiction and at oral argument, PCIA admitted why it is so concerned with the personal jurisdiction issue. PCIA has its eyes on the sanctions award ordered by the district court at the defendants' request. PCIA fears that if the personal jurisdiction issue is not appealed, and decided in PCIA's favor, the district court's opinion will be the law of the case for the sanctions issue. PCIA may simply believe that only a decision in its favor on personal jurisdiction will protect it from sanctions. Or PCIA may believe that if we determine that the district court did not have subject matter jurisdiction over the case, the district court cannot award sanctions. But whether the complaint was well grounded in fact after reasonable inquiry to satisfy Rule 11 does not depend on whether the party won or lost. Moreover the United States Supreme Court recently held in *Willy v. Coastal Corp.,* — U.S. —, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), that a district court may impose Rule 11 sanctions although it did not have subject matter jurisdiction.

This court will not review the opinion of the district court, we review judgments. PCIA cannot appeal a judgment with which it agrees. We dismiss the appeal for lack of appellate jurisdiction.

DISMISSED.