**CITIZENS INSURANCE COMPANY OF AMERICA, Plaintiff–Appellee,**

v.

**Todd BARTON, Nila Barton, and Fred Barton, Sr., Defendants–Appellants.**

No. 94–1175.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1994.

Decided Nov. 16, 1994.

Lloyd H. Milliken, Jr. (argued), Ariane Schallwig Johnson, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, for plaintiff–appellee.

Craig D. Doyle, Klineman, Rose & Wolf, Indianapolis, IN (argued), Richard Weir, Muncie, IN, for defendants-appellants.

Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge, and GORDON, District Judge.*

MYRON L. GORDON, District Judge.

Defendants-appellants, Todd Barton, Nila Barton and Fred Barton, Sr., appeal from the district court's entry of judgment in favor of the plaintiff-appellee ["the plaintiff"] in its declaratory judgment action.

The judgment declared that the plaintiff was not obligated either to defend Fred, Sr. or Nila Barton, or to pay any judgment rendered against them in an action filed against them by their son Todd Barton. Todd Barton sued his parents in Indiana state court to recover money for injuries that he suffered at the Barton residence as a result of the explosion of a tire. On appeal the appellants contend that the trial court erred in finding that Todd Barton, and not Fred Barton, Sr., was inflating the tire at the time it exploded. The Bartons also assert that the district court erred in excluding Nila Barton from coverage under the homeowner's policy. They ask this court to reverse the judgment of the district court and to remand this action for further proceedings. We decline this invitation and affirm.

## I. BACKGROUND

Todd Barton was seriously injured on the afternoon of September 6, 1990, as a result of the explosion of a tire that was being inflated in the garage of his parents' residence. Todd Barton sustained injuries to his face, his left arm, and both legs. Upon inquiry subsequent to the accident, the Bartons were told by their homeowner's insurer, Citizens Insurance Company of America ["Citizens"], that the accident was not covered under the policy.

Todd Barton filed a lawsuit against his parents in Indiana state court on January 7, 1992, in which he claimed that his injuries were caused by the negligence of Fred Barton, Sr. Citizens undertook the parents' defense, but it did so with a reservation of rights to deny coverage under the homeowner's policy.

On February 10, 1992, Citizens filed a declaratory judgment action in the district court for the Southern District of Indiana. In the declaratory judgment action, Citizens sought a judgment declaring that it was not obligated to defend or indemnify Fred, Sr. and Nila Barton in their son's lawsuit. Citizens asserted that the Bartons were not covered under the policy because: (1) Todd Barton was an insured under the policy, thereby excluding him from coverage for the claim asserted in the state court lawsuit, (2) the Bartons had made misrepresentations as to whether the tire that exploded was intended to be used for any of the Barton vehicles, and (3) the Bartons had made misrepresentations to Citizens concerning the identity of the person who was inflating the tire at the time of the accident. Under the terms of the policy, coverage was voided when an insured intentionally misrepresented any material fact.

A bench trial was held on November 1 and 2, 1993, in the declaratory judgment action. On December 22, 1993, the district court entered findings of fact and conclusions of law. The district court rejected Citizens' first two proffered bases for denying coverage to the Bartons and also concluded that coverage under the homeowner's policy had been voided due to the misrepresentations of Fred, Sr. and Nila Barton regarding the identity of the person who was inflating the tire at the time of the explosion.

In reaching the conclusion that Todd Barton was inflating the tire, the district court discussed the evidence which led to that finding. Leroy Snyder was one of the ambulance personnel called to the scene of the accident. He testified that Todd Barton told him, while he and Todd Barton were in the ambulance en route to the hospital, that Todd "was inflating a tire and it blew up." The court also pointed to the testimony of Michael Warren, the Bartons' automobile insurance agent; Mr. Warren stated that he had been told by Fred Barton, Sr. that Todd Barton was injured while working on a tire in the Bartons' garage. There was also testi-

---

* Honorable Myron L. Gordon, District Judge for the Eastern District of Wisconsin, is sitting by designation.

mony from Rebecca Rusher, a neighbor of the Bartons, that she had been told by Fred Barton, Sr. that Todd was inflating the tire when it exploded. In addition, the district court received the testimony of an expert witness, Dr. Lafferty, who investigated the accident and opined that Todd Barton was inflating the tire at the time of the accident.

## II. ANALYSIS

### A. Findings of Fact

■ The Bartons contend that there was "insubstantial evidence" to support the district court's finding that their son was inflating the tire. The Bartons claim that the district court should not have relied on the testimony of Dr. Lafferty because his testimony was "improbable and implausible."

Findings of fact made by the district court are reviewed pursuant to Rule 52(a), Federal Rules of Civil Procedure. Under Rule 52(a), findings are not to be set aside unless "clearly erroneous." The Supreme Court has said that a finding is clearly erroneous when the reviewing court is left with a firm conviction that a mistake has been made. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). When there are "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.; Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1269 (7th Cir.1991). A district court's decision to believe oral testimony must stand unless such testimony is "seriously inconsistent internally, or contrary to established laws of nature or otherwise fantastic." *Winchester Packaging, Inc. v. Mobil Chemical Co.*, 14 F.3d 316, 319 (7th Cir.1994) (quoting *Bullard v. Sercon Corp.*, 846 F.2d 463, 466 (7th Cir.1988)).

The Bartons are particularly critical of Judge Tinder's decision to give credence to the opinion of Dr. Lafferty. However, there is nothing to indicate that Dr. Lafferty's testimony was fantastic or contrary to the established laws of nature, such that this court should reject the district court's decision to give weight to his testimony. On the contrary, as the district court found, the physical evidence, and Todd Barton's and Fred Barton's earlier statements, all tended to support Dr. Lafferty's opinion that Todd Barton was inflating the tire.

We conclude that there was ample basis in the record to support the district court's determination that Todd Barton was inflating the tire at the time of the explosion.

### B. Exclusion of Nila Barton

■ The appellants argue that the district court erred in excluding Nila Barton from coverage under the homeowner's policy. The Bartons assert that there was no evidence implicating Mrs. Barton in her husband's misrepresentations, and, therefore, it was clear error for the district court to deny coverage to Nila Barton under the homeowner's policy.

Citizens points out that the Bartons failed to argue before the district court "that both insureds must violate the policy condition in order to completely void coverage." Therefore, Citizens contends, the appellants are not entitled to raise this issue on appeal; we agree.

■ Arguments not raised in the district court are waived on appeal. *Lac du Flambeau Indians v. Stop Treaty Abuse–Wis.*, 991 F.2d 1249, 1254 (7th Cir.1993); *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir.1989), *cert. denied*, 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); *Occidental Fire & Cas. Co. v. International Ins.*, 804 F.2d 983, 988 (7th Cir.1986). Upon review of the record, we find that the appellants made no argument before the district court that Nila Barton's coverage under the homeowner's policy was separate and distinct from the coverage of her husband. The appellants' contention that Citizens was required to prove that Nila Barton herself made misrepresentations in order to exclude her from coverage is without merit. If it was the appellants' position that Nila Barton could be excluded from coverage only upon a finding that she made independent misrepresentations, separate from those made by Fred Barton, Sr., then it was the Bartons' duty to have presented this argument to the district court.

Since the appellants did not advance this argument before the district court, they will not be allowed to raise it on appeal. Because we find that the Bartons have waived this issue, it is not necessary to address their other arguments with respect to the exclusion of Nila Barton from coverage under the homeowner's policy.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.