73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gerhardt J. STEINKE, Plaintiff-Appellant,
v.
MILWAUKEE AREA TECHNICAL COLLEGE, et al., Defendants-Appellees.
 No. 94-1349.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Gerhardt Steinke filed suit against numerous defendants[1] under 42 U.S.C. Sec. 1983 after his teaching contract at the Milwaukee Area Technical College ("MATC") was terminated. The district court dismissed with prejudice claims against defendants Michael J. Morse and Earl Mihlbauer and dismissed without prejudice the claims against the remaining defendants.[2] Additionally, the court granted Mihlbauer's motion for attorney fees and costs. Steinke appeals. We affirm.
 
 I. Morse
 
 2
 The district court dismissed Steinke's claim against Morse for lack of subject matter jurisdiction. This court reviews a dismissal for lack of subject matter jurisdiction de novo. Joyce v. Joyce, 975 F.2d 379, 382 (7th Cir.1992) (citation omitted).
 
 
 3
 Morse's only connection with Steinke occurred when Morse represented MATC in an open records lawsuit filed by Steinke. See State ex rel G.J. Steinke v. Jeanette Mitchell, Milwaukee County Case No. 92-CV-006353. Steinke's claim against Morse rests upon allegedly fraudulent statements Morse made to Steinke during that case. The district court held that Steinke's claim was an attempt to relitigate that state proceeding in federal court, an action forbidden by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under Rooker-Feldman, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. Where the constitutional claims presented to the federal court are "inextricably intertwined" with the state court's ruling, the federal court "is in essence being called upon to review the state court decision." Id. at 483 n. 16. "It is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action,' " Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994) (citation omitted).
 
 
 4
 Although Steinke asserts repeatedly before this court that he has no desire to relitigate the state proceedings, in his reply brief he acknowledges that he anticipates reopening the state case, "a perfectly proper remedy for unappealed cases where fraud and plain error 'or other good reason' are put forward as grounds." Reply Brief at 6-7. Steinke, however, cannot look to the federal courts to establish that Morse made fraudulent statements during state proceedings and thus open the finality of the judgment to attack. Rooker-Feldman bars a lower federal court from examining a claim so "inextricably intertwined" with a state ruling. The district court correctly dismissed this claim.
 
 
 5
 Steinke also claims on appeal that Morse's submissions to the district court failed to comply with Federal Rule of Civil Procedure 11. There is no indication that Steinke ever presented this claim to the district court,[3] and consequently it is not properly on appeal. Citizens Ins. Co. of America v. Barton, 39 F.3d 826, 828 (7th Cir.1994).
 
 II. Mihlbauer
 
 6
 The district court granted Mihlbauer's motions to dismiss for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), and to impose sanctions, Fed.R.Civ.P. 11. We review the district court's grant of a Rule 12(b)(6) motion de novo, Zarnes v. Rhodes, 64 F.3d 285, 289 (7th Cir.1995), and its imposition of sanctions for an abuse of discretion, Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990).
 
 
 7
 Steinke's district court complaint contained only one substantive reference to Mihlbauer and failed to allege the elements required for a Sec. 1983 action. On appeal, Steinke does not convince this court that he can show that Mihlbauer acted under color of state law to deprive Steinke of a constitutional right. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). He asserts, "[a]nyone who knows anything at all about MATC-Milwaukee ... knows perfectly well that Mihlbauer has a close association with the training of Board members of MATC and other VTAE Districts. The Chief Presiding Officer of MATC who fired Steinke was one of Mihlbauer's key trainees." Appellant's Brief at 11. This information, even added to the assertions before the district court, falls short of alleging a cause of action under Sec. 1983. The district court properly dismissed this claim.
 
 
 8
 Moreover, we cannot conclude that the district court abused its discretion by finding Steinke in violation of Federal Rule of Civil Procedure 11 and requiring Steinke to pay the attorney fees and costs that Mihlbauer incurred in defending this action. We will find an abuse of discretion where the district court's findings are clearly erroneous or contrary to law. Cooter & Gell, 496 U.S. at 405. "Status as a pro se litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous." Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 498 U.S. 1050 (1991). The district court's conclusion that Steinke's complaint against Mihlbauer neglected either to state any facts entitling Steinke to relief or to request specific relief was well-founded, and its decision that Steinke's blatant noncompliance with federal pleading requirements merited sanctions was not clearly erroneous or contrary to law. We find no abuse of discretion. Further, we decline to adopt Steinke's suggestion that Mihlbauer's attorneys performed excess work[4] and find no abuse in the decision to award Mihlbauer's attorney fees.
 
 
 9
 Steinke also claims on appeal that Mihlbauer failed to comply with Local Rule 5.05, requiring accurate identification of counsel for all parties, and that Mihlbauer's responses were untimely. These claims were not argued in the district court, and we will not consider them for the first time on appeal. Citizens Ins. Co., 39 F.3d at 828.
 
 III. Improper Service
 
 10
 The MATC defendants and the Local 212 defendants were dismissed without prejudice because they were not properly and timely served with process. Steinke argues that Federal Rule of Civil Procedure 5(b), which states that "[s]ervice by mail is complete upon mailing," should be read with Rule 4's provisions for effecting service of process. Service was timely, he contends, because he mailed the summons and complaint to the defendants on the 120th day following the filing of his complaint.[5]
 
 
 11
 The defendants must be served with process in order for the court to have personal jurisdiction over them. Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.1991). Federal Rule of Civil Procedure 4 establishes the procedure for serving process. Id. at 300. The rule allows service by mail if the defendant accepts such service. Fed.R.Civ.P. 4(d) [formerly Rule 4(c)(2)(C)(ii) ]. This circuit has held, however, that under Rule 4(c)(2)(C)(ii) "service [by mail] is complete only when the acknowledgment form is executed." Adatsi v. Mathur, 934 F.2d 910, 911-912 (7th Cir.1991). It was impossible for the defendants to accept service and for service to be completed within 120 days when Steinke waited until the 120th day to place the summons and complaint in the mail. The district court correctly dismissed the claims against these defendants without prejudice. Fed.R.Civ.P. 4(j).
 
 
 12
 Further, Steinke cannot appeal the disposition of the claims against these defendants. In the district court, Steinke asked the court to dismiss his complaint without prejudice. R. 34 at 2; Local 212 App. at 71. The court did so. Because Steinke was granted the relief that he requested and that he argues in this court was appropriate, he may not appeal that aspect of the district court's decision. Pollution Control Indus. of America, Inc. v. Van Gundy, 979 F.2d 1271, 1273 (7th Cir.1992).
 
 IV. Sanctions
 
 13
 The district court ordered Steinke to pay $1000 for "unnecessarily burdening the court and wasting judicial resources." R. 30 at 16. After reviewing the record, especially Steinke's prolix complaint, we cannot find that the district court's decision was an abuse of discretion.[6]
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 On appeal, appellees filed four briefs, one each for Michael J. Morse; Earl Mihlbauer; collectively, the "MATC defendants," composed of Milwaukee Area Technical College (MATC), Tony Baez, John Birkholz, Rachel Campos, Fred Cashmore, Robert Clark, Laura Clarke, Jean DiMotto, Frances Elliott, Perry Friesler, Norman Gill, Harry Guzniczak, Kathy Halma, Robert Hartung, William Hittman, Barbara Holmes, Marijo Jilek, Marlene Johnson, Peter Jushka, Leonard Keller, George Krall, Victor Langer, Philip Langerman, Michael Leske, Gerald McNab, John Maloney, Janet Matthews, Jeanette Mitchell, Donald Mikolajczak, Robert Mulcahy, Maria Myers, Mark Olson, Nancy Parris, Stanley Plumb, Bruce Ponga, William Quirmbach, Dennis Redovich, Rus Slicker, John Snedecker, Charles Songstad, Carol Spencer, Linda Stewart, Stephen Turner, Paul Vance, Jose Vasquez, James Waldoch, Frederick Wenzel, Michael Wherry, Margaret Williamson, Alyson Zierdt, and Michael Zeidler; and the "Local 212 defendants," composed of Local 212, AFT, AFL-CIO, Albert Shanker, Ann Channel, Timothy Hawks, Ruth LaConte, Donald Lubner, Janet Matthews, Patricia McFarland, Richard Muirhead, Ernest Schnook, Franklin Shansky, William Thomas, Philip Blank, Charles Dee, and Michael Rosen. In Steinke's complaint and amended complaint he named six other defendants as well: Gary Durham, Robert Jakubiak, James Leibsohn, Keith Roberts, David Ross, and Joanne Shansky
 
 
 [2]
 Although the district court entered two judgments, one for Morse and Mihlbauer dated January 26, 1994 and the second for the MATC defendants and the Local 212 defendants dated February 18, 1994, the court's January 26 memorandum asserted that the court was dismissing the action against the MATC defendants and the Local 212 defendants without prejudice. Thus, Steinke's February 14, 1994, notice of appeal was timely even though judgment for the MATC defendants and the Local 212 defendants was not entered until February 18. Fed.R.App.P. 4(a)(2)
 
 
 [3]
 We note that Steinke mentioned this grievance in a cover letter addressed to Judge Warren. R. 28 at 1. There is no indication in the record, however, that he moved the court for relief or even that he expected the court to take any action upon the letter
 
 
 [4]
 Steinke claims that if the defense of lack of service was valid, any further research done by Mihlbauer's attorneys was excessive. The record, however, contains insufficient information for this court to review that allegation
 
 
 [5]
 Some Local 212 defendants (Lubner, Matthews, Rosen, and Shanker) were added on October 28, 1993, the day that Steinke mailed service to all the defendants. Although service upon them may have been timely, the district court found that the summons was improper because it did not list all the parties, Fed.R.Civ.P. 4(a) [formerly 4(b) ], and because it was issued before, not after, the filing of the complaint, Fed.R.Civ.P. 4(b). Steinke does not appeal this ruling
 
 
 [6]
 The appellees have made several motions and requests for sanctions in this appeal. Those motions and requests are denied