**Brian L. HILVETY, Plaintiff–Appellant,**

v.

**WORLD OF POWERSPORTS, INC., Mike Jackson, in his official capacity as an employee of World of Powersports, Inc., and Gary Brown, in his official capacity as an employee of the Internal Revenue Service, Defendants–Appellees.**

No. 00–4113.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2001.*

Decided July 6, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, and EVANS, Circuit Judges.

### ORDER

■ The Internal Revenue Code provides that an employer "making payment of wages shall deduct and withhold upon such wages a tax." I.R.C. § 3402(a)(1). Brian Hilvety believes, however, that his employer must obtain his consent to withhold payroll taxes and instructed his employer to cease making such withholdings. After his employer refused to do so upon the advice of an IRS agent, Hilvety filed what he styled a "Petition for Writ of Prohibition/Mandamus, Injunction, Damages and Other Declaratory Relief." In that "complaint," Hilvety sought an order enjoining his employer and one its employees from withholding taxes, enjoining a named IRS agent from directing his employer to withhold taxes, mandating his employer to return his prior withholdings, and awarding $1,000,000 in damages under I.R.C. § 7433 for supposed unauthorized collection activities by the IRS. Before the defendants appeared or filed an answer, the district court dismissed the complaint for lack of jurisdiction under the substantiality doctrine. We agree with the district court that Hilvety's complaint is "wholly insubstantial and frivolous" and therefore was subject to dismissal for lack of jurisdiction. *See Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994).

■ That leaves the government's motion for sanctions against Hilvety under Rule 38 of the Federal Rules of Appellate Procedure for filing a frivolous appeal. Hilvety filed a response and has filed his own motion for sanctions against the government. We agree with the government that Hilvety's appeal is frivolous, and Hilvety's response does not convince us otherwise. We therefore grant the government's motion and impose sanctions in the amount of $2,000. *See Cohn v. Commissioner*, 101 F.3d 486 (7th Cir.1996) (per curiam).

The judgment of the district court is AFFIRMED, the government's motion for sanctions is GRANTED, and Hilvety's motion for sanctions is DENIED.