Tammy A. HILVETY, et al.,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–
Appellee.

No. 01–2007, 01–2008, 01–2009, 01–2010.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 12, 2001.*

Decided Oct. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

**476**

Before COFFEY, KANNE, DIANE P. WOOD, Circuit Judges.

## ORDER

Brian, Mark, Tammy, and Beverly Hilvety filed petitions in the tax court seeking redetermination of deficiencies and additions to tax. The tax court dismissed their petitions for want of prosecution, and we affirm.

The taxpayers failed to file income tax returns for some or all of the years 1992 to 1996. The Commissioner issued notices of deficiency, and the taxpayers sought redetermination, each maintaining via separate petition that the Commissioner was "acting outside the limitation defined by the Sixteenth Amendment." The cases were later consolidated. Prior to trial, the taxpayers refused to stipulate to the Commissioner's proposed facts, and in response to the tax court's order to show cause why those facts should not be deemed admitted, the taxpayers invoked the Fifth Amendment privilege against self-incrimination. The taxpayers ultimately failed to appear at trial; instead, they filed a joint statement consisting of standard tax protester arguments. The Commissioner moved to dismiss the petitions for failure to prosecute. The tax court granted the motion, concluding that the taxpayers had failed to comply with an order directing them to submit a pretrial memorandum and had failed to stipulate to the Commissioner's proposed facts. The court further noted that the taxpayers' contentions were "totally lacking in merit" and that the statement they filed in lieu of appearing at trial contained "numerous frivolous claims." The tax court upheld the deficiencies and additions to tax with respect to Brian, Mark, and Tammy; as for Beverly, the court determined that she owed no tax or additions to tax.

■ We first turn to the appeal of Beverly. The tax court concluded that Beverly owed no tax or additions to tax. This decision was favorable to Beverly, so we lack jurisdiction to review her appeal. See *W.W. Windle Co. v. Commissioner*, 550 F.2d 43, 45–46 (1st Cir.1977); *see also Pollution Control Indus. of Am., Inc. v. Van Gundy*, 979 F.2d 1271, 1273 (7th Cir. 1992) (party generally may not appeal order entered in that party's favor).

■ That leaves Brian, Mark, and Tammy, who collectively argue that the tax court abused its discretion in dismissing their petitions. Their argument rests on the belief that the Commissioner was required to prove that they owed income taxes, and because the Commissioner did not cite a statutory provision imposing a tax on them, the Commissioner failed to sustain his burden. In the taxpayers' view, fault lies with the Commissioner, who they say failed to prosecute. This argument is frivolous. Deficiency determinations are presumed correct, and the taxpayers bear the burden of proving otherwise.[1] *Pittman v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir.1996). The taxpayers, however, presented no evidence to sustain their burden, resorting instead to a

---

1. The 1998 amendment to the Internal Revenue Code which shifts the burden of proof to the Commissioner in certain cases, I.R.C. § 7491(a), does not apply to this case.

blanket invocation of the Fifth Amendment. *See United States v. Oliver*, 505 F.2d 301, 308 (7th Cir.1974) ("[T]he Fifth Amendment has no application to the statutory requirement that every citizen must report his entire income even if a taxpayer is thereby compelled to disclose an incriminating fact."), *overruled on other grounds by United States v. Fitzgerald*, 545 F.2d 578 (7th Cir.1976). The taxpayers refused to participate meaningfully in the proceedings they themselves initiated and, when they did participate, raised only frivolous arguments in support of their petitions. On this record we cannot conclude that the tax court abused its discretion in dismissing the taxpayers' petitions. *See Sauers v. Commissioner*, 771 F.2d 64, 66–67 (3d Cir. 1985) (affirming dismissal where taxpayer refused to stipulate to proposed facts, presented no evidence, and raised only frivolous arguments).

On to the issue of sanctions. The Commissioner has moved for sanctions against the taxpayers under Rule 38 of the Federal Rules of Appellate Procedure for filing frivolous appeals. We agree with the Commissioner that these appeals are frivolous. We therefore grant the Commissioner's motion and impose sanctions of $2000 against each taxpayer, Tammy Hilvety, no. 01–2007, Beverly Hilvety, no. 01–2008, Brian Hilvety, 01–2009, and Mark Hilvety, 01–2010. *See Cohn v. Commissioner*, 101 F.3d 486 (7th Cir.1996) (per curiam). This sanction and any other outstanding sanction imposed by any court within this circuit, *see Hilvety v. World of Powersports, Inc.*, No. 00–4113, 2001 WL 776205, 13 Fed.Appx. 427 (7th Cir. July 6, 2001); *LaRue v. United States*, 959 F.Supp. 959 (C.D.Ill.1997), must be paid within 30 days of this order, and if not paid

in full by then, a *Mack* order restricting further litigation will be entered. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995) (per curiam).

The appeal of Beverly Hilvety is DISMISSED, the judgment of the tax court with respect to Brian, Mark, and Tammy Hilvety is AFFIRMED, and the Commissioner's motion for sanctions is GRANTED.