Michael Allen FIGARO; Patrice Figaro, Plaintiffs— Appellants,

v.

CITY OF SAN LUIS OBISPO; Dale Strobridge; Steven Dye; William Proll; Ronald Brown; Steven Miller, Defendants—Appellees.

No. 03–56044.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided April 28, 2005.

Ronald W. Carter, Esq., Oakland, CA, for Plaintiffs—Appellants.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jeffrey G. Jorgensen, Esq., San Luis Obispo City Attorneys Office, San Luis Obispo, CA, and Thomas J. Feeley, Esq., for Defendants—Appellees.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Michael and Patrice Figaro ("plaintiffs") appeal the district court's judgment as a matter of law against plaintiffs and for San Luis Obispo police officers Ronald Brown and Dale Strobridge ("the officer defendants"),[1] in their individual capacities, and the City of San Luis Obispo ("City").

Plaintiffs brought a 42 U.S.C. § 1983 action against the officer defendants and the City, alleging the officer defendants violated plaintiffs' constitutional rights by (1) illegally searching Patrice Figaro's ("Patrice") purse; (2) using excessive force in effectuating the search of Patrice's purse; and (3) falsely arresting both Patrice and her husband, Michael Figaro ("Michael"). Plaintiffs also alleged the City is liable under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because the City's Chief of Police testified the police department has a policy of transporting suspects to the police station "in furtherance of the investigation to establish probable cause." The action went to trial. At the close of plaintiffs' evidence, the officer

1. The district court dismissed with prejudice plaintiffs' action against San Luis Obispo police officers Steven Miller, Steven Dye, and William Proll. Plaintiffs do not challenge those dismissals on appeal.

defendants moved for judgment in their favor pursuant to Federal Rule of Civil Procedure 50(a). The district court entered judgment as a matter of law in the officer defendants' favor and against plaintiffs on the basis of the officer defendants' qualified immunity. The district court also entered judgment as a matter of law for the City. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we do not recite them here except as necessary for our disposition. We consider below plaintiffs' false arrest claim against the officer defendants, and their *Monell* claim against the City.[2]

## 1. False Arrest Claim

■ Plaintiffs contend defendants violated their constitutional rights by falsely arresting them. "An arrest is unlawful unless there is probable cause to support the arrest." *Graves v. City of Coeur d'Alene*, 339 F.3d 828, 840 (9th Cir.2003). Viewing the evidence in the light most favorable to plaintiffs, *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir.2004), and for purposes of reviewing the district court's action only, we conclude the officer defendants arrested plaintiffs. Plaintiffs were handcuffed at the scene, placed in police cars, transported to the San Luis Obispo police station, and placed into holding cells. Under those circumstances, any reason-

able innocent person would conclude "he or she would not be free to leave." *See United States v. Pinion*, 800 F.2d 976, 978–79 (9th Cir.1986).[3]

■ We also conclude, however, that Officer Strobridge developed sufficient facts through investigation at the scene to have probable cause to arrest plaintiffs for forgery in violation of California Penal Code § 475(c). First, it is undisputed plaintiffs possessed a completed cashier's check and intended to pass the completed check. Second, it is undisputed plaintiffs were visiting from out of town and spent only thirty minutes in making a decision to purchase a $15,000 diamond ring. The jeweler, William McBurney, told Officer Strobridge that in McBurney's business experience, he had never consummated a transaction of that magnitude in such a short time. Third, Officer Strobridge was told by a bank manager that before the incident at the jewelry store, plaintiffs returned to the bank that issued the cashier's check, caused a disturbance at the bank, attempted to cancel the cashier's check, and falsely reported the cashier's check as lost. Fourth, Officer Strobridge was told by McBurney that Michael snatched the check from McBurney's hand, attempted to leave the store with it, and, when pursued by McBurney's son, Michael tried to eat the check. Officer

---

**2.** Plaintiffs did not contend in their opening brief that the district court erred in entering judgment as a matter of law to the officer defendants on plaintiffs' claims the officer defendants illegally searched Patrice's purse or used excessive force in effectuating that search. Thus, plaintiffs waived those two claims. *See Taybron v. City and County of San Francisco*, 341 F.3d 957, 958 n. 1 (9th Cir.2003) (arguments not raised in a party's opening brief are waived).

**3.** Plaintiffs contend the district court erred "in determining that plaintiffs were never arrested." The district court stated from the bench that "Plaintiffs were never arrested," but then continued to find that even if there were arrests, the officer defendants either had probable cause to make the arrests or were entitled to qualified immunity from any constitutional injury arising from the arrests. We may affirm the district court on any ground supported by the record. *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 852 (9th Cir. 2004).

Strobridge had probable cause to arrest plaintiffs, and thus plaintiffs' constitutional rights were not violated.[4] For the same reason, Officer Brown did not violate plaintiffs' constitutional rights because he was entitled to rely on the observations and knowledge of Officer Strobridge, even if all the information was not communicated by Officer Strobridge to Officer Brown. *See Pinion,* 800 F.2d at 979 n. 1.

### 2. *Monell* Claim

As conceded by plaintiffs at oral argument, if Officer Strobridge had probable cause to arrest plaintiffs, plaintiffs suffered no constitutional injury from the arrests even if the City had a policy allowing for arrests without probable cause. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Because probable cause existed to arrest plaintiffs, the City is not liable under *Monell.*

AFFIRMED.

---

4. Moreover, qualified immunity provides the defendant officers additional leeway in determining whether a set of facts rises to the level of probable cause. *Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause ... and in those situations courts will not hold that they have violated the Constitution."). Thus, even if there was not probable cause on the facts of this case to arrest plaintiffs, Officer Strobridge could reasonably have believed the facts supported a conclusion of probable cause, and the officer defendants would be protected from suit on the basis of qualified immunity.