**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 14, 2007[*]
Decided February 14, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1525

| | |
|---|---|
| BRIAN L. HILVETY,<br>　　　　*Petitioner-Appellant,* | Appeal from the United States Tax Court |
| *v.* | No. 15955-05 |
| COMMISSIONER OF INTERNAL REVENUE,<br>　　　　*Respondent-Appellee.* | |

**O R D E R**

Brian Hilvety filed a petition in the United States Tax Court for redetermination of a tax deficiency and additions to tax assessed by the Commissioner of Internal Revenue after he failed to file an income tax return for the year 2003.  In the petition Hilvety argued that the Commissioner's actions were invalid because, he asserted, certain relevant forms lacked valid OMB control

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

numbers as required by the Paperwork Reduction Act of 1995, 44 U.S.C. § 3501 *et seq.* The Commissioner moved to dismiss the petition for failure to state a claim. Rather than grant the motion, the court ordered Hilvety to amend his petition to conform with the rules requiring him to set forth with specificity the alleged errors in the calculation of his deficiency and facts supporting his position. *See* Tax Ct. R. 34(b)(4)-(5). When Hilvety failed to amend his petition, the court granted the motion to dismiss, concluding that Hilvety raised "nothing but frivolous and groundless arguments." The court also upheld the amount of the deficiency—as modified in Hilvety's favor by the Commissioner—and imposed a penalty of $3,000 on Hilvety for instituting frivolous proceedings in Tax Court, *see* 26 U.S.C. § 6673(a)(1).

On appeal Hilvety reiterates his argument that he is not liable for his tax deficiency because various forms used by the Internal Revenue Service displayed invalid control numbers. This argument, raised more often as a defense to criminal prosecutions for tax evasion, has been rejected by every court to consider it on the ground that the PRA does not alter the statutory requirement to file an income tax return. *See Salberg v. United States*, 969 F.2d 379, 384 (7th Cir. 1992); *United States v. Neff*, 954 F.2d 698, 699-700 (11th Cir. 1992); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991); *United States v. Dawes*, 951 F.2d 1189, 1193 (10th Cir. 1991). The frivolousness of his argument aside, the dismissal of Hilvety's petition was proper because he failed to allege any error in the assessment of his deficiency. Other than baldly asserting that the deficiency was "erroneous and in dispute," he did not point to any mistakes in the Commissioner's calculation even when the court gave him a second chance to do so. Indeed, Hilvety's quarrel is not with the amount of the deficiency assessed by the Commissioner but with his obligation to acquiesce to the IRS's use of what he characterizes as "bootleg" forms. But a petition for redetermination is not the proper forum to raise such a challenge. *See* Tax Ct. R. 34(b). Accordingly, we affirm the decision of the Tax Court dismissing the petition and imposing a $3,000 penalty under § 6673(a)(1).

Both parties have asked us, via separately filed motions, to impose sanctions on the other. The Commissioner moves for sanctions against Hilvety in the amount of $8,000 for filing a frivolous appeal. *See* 26 U.S.C. §7482(c)(4); Fed. R. App. P. 38. We have set $4,000 as the presumptive amount of sanctions for filing a frivolous appeal in a tax case, subject to doubling in cases where the appeal is filed by a repeat offender. *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). Hilvety is no stranger to frivolous tax litigation: only last year we lifted a filing bar we imposed on him in 2001 under *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), in connection with his other frivolous tax appeals. *See Hilvety v. CIR*, 21 F. App'x 475 (7th Cir. 2001) (unpublished decision). Hilvety appears determined to burden the courts with frivolous arguments, and so we GRANT the Commissioner's motion for sanctions in the amount of $8,000. For his part, Hilvety requests that we impose a sanction of $16,000 on the Commissioner for his

continued violation of the PRA and his "false and misleading" arguments in this court.  We discern no basis for granting Hilvety's request, *see* Fed. R. App. P. 38, and we therefore DENY his motion.

AFFIRMED.