**Brian HILVETY, Plaintiff–Appellant,**

v.

**R.A. MITCHELL and Arlie Alexander, Defendants–Appellees.**

**No. 08–4020.**

United States Court of Appeals, Seventh Circuit.

Submitted June 23, 2009.*

Decided June 23, 2009.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R.APP. P. 34(a)(2).

Brian Hilvety, Moweaqua, IL, pro se.

Colin S. Bruce, Office of the United States Attorney, Urbana, IL, for Defendants–Appellees.

Before RICHARD D. CUDAHY, Circuit Judge RICHARD A. POSNER, Circuit Judge TERENCE T. EVANS, Circuit Judge.

## ORDER

Brian Hilvety, proceeding pro se, sued two employees of the Internal Revenue Service in Illinois state court. The case was removed to federal district court where it was dismissed. We affirm the judgment.

This action arose when the IRS, through the named defendants, filed tax liens against Hilvety in Macon County, Illinois. The two liens list unpaid income taxes dating back as far as 1997. Hilvety re-sponded by suing the two IRS employees in the Circuit Court of Macon County, accusing them of violating his rights under the Constitution. Essentially, though, Hilvety simply claims that the tax liens are invalid because they are not premised on a judgment from an Illinois court. Hilvety asked the state court to invalidate the liens and remove them from the county records. The United States, construing the lawsuit as one against the defendants in their official capacity, removed the action to federal court. The district court then dismissed the complaint with prejudice for, among other grounds, failure to state a claim.

On appeal Hilvety argues that removal of his case to federal court was improper; he also repeats his contention that the tax liens are invalid because they are not premised on state-court judgments. Both assertions are frivolous. Hilvety's lawsuit alleges that federal employees engaged in unconstitutional conduct in the course of their employment, so removal to federal court was appropriate under both § 1441(a) and § 1442(a)(1) of Title 28. See *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir.2000); *Straus v. United States*, 196 F.3d 862, 863 (7th Cir.1999). Moreover, dismissal was proper because no state-court judgment is required for the IRS to file a notice of federal tax lien. See 26 U.S.C. §§ 6321, 6323; *United States v. Swan*, 467 F.3d 655, 656 (7th Cir.2006).

This litigation is the latest in a series of frivolous lawsuits by Hilvety. When we last encountered him, we sanctioned him $8,000 for filing a frivolous appeal. See *Hilvety v. Comm'r of Internal Revenue*, 216 Fed.Appx. 582, 584 (7th Cir.2007). That sanction remains unpaid. We order Hilvety to show cause within 14 days why

further sanctions (including a filing bar under *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir.1995)) should not be imposed.

AFFIRMED.