**Ana Luci GELABERT,
Plaintiff–Appellant,**

v.

**James A. LYNAUGH, Director, Texas
Department of Corrections,
Defendant–Appellee.**

No. 89–1876
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1990.

Ana Lucia Gelabert, Gatesville, Tex., pro se.

No appearance for defendant-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Sanctions against a recreational litigator occupy us in today's appeal, one in which Ana Lucia Gelabert, a state prisoner, asserts a right to commence new litigation in defiance of an earlier court order sanctioning her for frivolous pro se litigation and forbidding the clerk of court to accept further filings from her until the sanction is satisfied.

## Facts and Procedural History

Gelabert, a litigious prisoner in the Texas Department of Corrections' (TDC) Mountain View Unit, originally filed this lawsuit in the Southern District of Texas in August 1986. The caption of her suit initially included a great number of other prisoners, but their names are crossed out by Gelabert. Under "Additional Plaintiffs,: the name of Nancy Lane Etter is crossed out with an asterisk; at the bottom of the page Gelabert has written, "additional plaintiffs may be added as result of discovery. It is filed by only (1) plaintiff." Under Etter's crossed out name is typed, and not crossed out, "the Complaint is signed by 153 TDC Mt. View prisoners. It is filed [ ] in the name of all the prisoners at TDC systemwide, *as a class*. Ms. Gelabert *and* Ms. Etter will represent the class until counsel is appointed by the Court." At the conclusion of the complaint, it is signed by Ana Lucia Gelabert "for the plaintiff class." Attached are 153 signatures of other prisoners.

Only Gelabert submitted an affidavit of poverty. In her brief, Gelabert states that she alone filed the suit to avoid getting IFP affidavits from the others. The gravamen of Gelabert's suit was a claim that TDC does not pay its inmates an adequate amount of money and, as a result, prison conditions are bad and chances for rehabilitation are lessened.

The district court in the Southern District entered no order in this case other than a standard minute entry advising the plaintiff of the possibility of Fed.R.Civ.P. 11 sanctions. Gelabert filed numerous other pleadings, including a motion for permissive joinder of the co-signees. Another TDC prisoner, Gary Don Washington, moved to intervene on behalf of seven other TDC prisoners.

In September, 1989, the district court transferred this case to the Western District of Texas, noting that Gelabert was confined there. A week later that court dismissed the suit because Gelabert had not complied with a prior court order entered in D.Ct. No. W–87–CA–030, to pay $10 in sanctions for bringing a frivolous lawsuit. Gelabert filed a timely Rule 59(e) motion, which was denied, and a timely notice of appeal.

## Analysis

The district court did not append a copy of its order in Cause No. W–87–CA–030, but it did quote the pertinent language. That order required Gelabert to reimburse the defendant $10 for court costs and further forbade the clerk of court to accept "for filing any further lawsuits on behalf of Plaintiff until the sanction is satisfied and a sworn affidavit is filed with this Court." Gelabert states on appeal that the reference to W–87–CA–030 probably is an error, but concedes that such an order was entered in W–87–CA–307 and W–87–CA–306, cases which Gelabert initially appealed but voluntarily dismissed. The docket sheet in No. 88–1539 reflects that, in W–87–CA–307, a $10 sanction was imposed and the clerk ordered not to accept further lawsuits until the sanction was satisfied and a sworn affidavit to that effect had been filed with the court. No such entry appears on the 88–1538 (W–87–CA–306) docket sheet. In any event, Gelabert does not dispute that such a sanction was imposed in W–87–CA–307, so we need not be deterred by the district court's error.

We have earlier had occasion to enjoin the filing of pauper appeals by vexatious and harassing litigants. *See Green v. Carlson,* 649 F.2d 285 (5th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981). The United States Supreme Court also has enjoined such a petitioner for filing petitions for extraordinary writs. *In re McDonald,* —— U.S. ——, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). Presum-

ably, the district court's decision that a suit is barred under such an injunction is reviewable under the abuse of discretion standard. *See generally Procup v. Strickland,* 792 F.2d 1069, 1974 (11th Cir.1986) (en banc) (court has "considerable discretion" in fashioning injunction against future lawsuits); *Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir.1981) (district court did not abuse its discretion in adopting "pre-filing review procedure"). Gelabert's $10 sanction is more modest than the payment of filing fees in all future suits imposed on Green and McDonald.

The district court in the current case did not list the number of frivolous cases Gelabert had filed, but the validity of the court's order in W–87–CA–307 is not before us. In any event, a review of the clerk's office files in this Court shows that Gelabert filed five appeals in 1989, seven in 1988, and three in 1987. The district court did not abuse its discretion in requiring Gelabert to pay the fine in an earlier case before proceeding with this litigation.

Gelabert argues that she was granted IFP status in 1986, when she filed her suit in the Southern District of Texas, and therefore that it was improper to deny her IFP upon transfer for a sanction imposed after the initial filing date of this case. She is mistaken. She was not granted IFP status in the Southern District; that court did nothing except transfer the case. Gelabert relies on a routing notation on the cover sheet that the suit was "in forma pauperis." Such a clerical notation is not the same as a grant of IFP by the court. By the time Gelabert's suit reached the court in which it should have been filed, she had already been sanctioned in an earlier case. The court did not abuse its discretion in dismissing this case on that basis. Gelabert argues that at least seven of the "plaintiffs" are not confined in the Western District, but are in the Southern District. Again, she is mistaken; until the court granted joinder or intervention or certified a class, Gelabert was the only plaintiff in this suit. The motions for joinder and intervention were never granted. Gelabert, as a frivolous litigant, is not entitled to be a class representative.

Gelabert also suggests that the other 167 plaintiffs who "endorsed" her lawsuit should not be prevented from litigating because she has been unable to pay a sanction. Nothing in the court's order precludes any other potential plaintiff from filing such a lawsuit.

Finally, Gelabert complains that she is too poor to pay the $10 sanction and will never, so long as she remains in TDC, be able to do so. Gelabert's alleged inability to pay a $10 sanction for filing previous frivolous lawsuits is no reason to overturn the sanction. Like every other pastime, recreational litigation has its price; such sanctions as this are imposed for the very purpose of causing the would-be pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation. We caution Gelabert to do so.

DISMISSED. See Local Rule 42.2.