96 F.3d 1450
 78 A.F.T.R.2d 96-6499, 96-2 USTC P 50,519
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clyde W. LaRUE, Plaintiff-Appellant,
v.
COLLECTOR OF INTERNAL REVENUE, et al., Defendants-Appellees.
 No. 95-2768.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Sept. 3, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Clyde LaRue brought this action in the district court seeking the return of all income taxes that he has ever paid to the United States government. LaRue contends that he should be treated as a nonresident alien because he is a resident of his home state, Illinois, and not a resident of the United States. The district court dismissed the suit, and LaRue appeals.[1]
 
 
 2
 LaRue's argument that he should be treated as a nonresident alien--one that is offered occasionally by tax protesters--is patently frivolous. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir.1991), cert. denied, 502 U.S. 1060 (1992). Moreover, the district court had no jurisdiction to entertain his lawsuit. LaRue brought his claim under 26 U.S.C. § 7433(a), which allows taxpayers to seek damages against federal officers who recklessly or intentionally disregard the tax code when collecting taxes. Before a plaintiff may bring suit under § 7433, he must first exhaust his administrative remedies. 26 U.S.C. § 7433(d)(1). This exhaustion requirement is jurisdictional. Venen v. United States, 38 F.3d 100, 103 (3d Cir.1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992).
 
 
 3
 The district court noted that because LaRue was seeking a refund of his taxes, his suit should perhaps be construed as one under 26 U.S.C. § 7422 (the tax refund statute) rather than § 7433. The tax refund statute contains an exhaustion requirement as well: 26 U.S.C. § 7422(a) specifies that no taxpayer may file suit under the section without first making an administrative request for a refund. As is the case with § 7433, the exhaustion requirement of § 7422(a) is jurisdictional. See Commissioner of Internal Revenue v. Lundy, 116 S.Ct. 647, 651 (1996); Goulding v. United States, 929 F.2d 329, 332 (7th Cir.1991), cert. denied, 506 U.S. 865 (1992).
 
 
 4
 The only potential evidence of exhaustion presented by LaRue is a document entitled "Second Codicil," with two attachments: an affidavit, and a document titled "Constructive Notice of Nontaxpayers." See Plaintiff's Exhibit A. Even if LaRue sent these documents to the IRS, they do not contain the necessary information to qualify as an administrative claim under either § 7422 or § 7433. See 26 C.F.R. § 301.6402; 26 C.F.R. § 301.6402-3; 26 C.F.R. § 301.7433-1. Thus, LaRue failed to exhaust his administrative remedies, and the district court lacked jurisdiction over his lawsuit.
 
 
 5
 In addition to challenging the merits of the district court's decision, LaRue argues that we should remand the case because the district court failed to rule on a motion filed by the plaintiffs on May 22, 1995. The May 22 motion was a response to the district court's order of May 8, 1995, which directed the plaintiffs to show cause why Rule 11 sanctions should not be imposed for pursuing a frivolous action. The district court considered the plaintiffs' response and, on June 21, 1995, issued an order imposing sanctions. Thus, LaRue's claim that the district court failed to consider the May 22 motion is groundless.
 
 
 6
 Finally, the government filed a motion requesting sanctions against LaRue for bringing a frivolous appeal. See Fed.R.App.P. 38. The motion was filed in a separate notice, as required by Rule 38. LaRue filed a response requesting sanctions against the government. Rule 38 sanctions are appropriate if an appeal is brought with no reasonable expectation of success and for the purpose of "delay, harassment or sheer obstinacy." A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1407 (7th Cir.), cert. denied, 506 U.S. 867 (1992). LaRue brought this action without first exhausting his administrative remedies, in clear violation of §§ 7422 and 7433, and his argument that he is not subject to the tax laws of the United States is patently frivolous. His appeal raises no good faith argument that the district court erred in dismissing his case. Thus, it appears to us that sanctions against LaRue are appropriate. The district court's judgment dismissing LaRue's suit is AFFIRMED. LaRue's motion for sanctions against the government is DENIED. Pursuant to Rule 38, LaRue is ordered to pay $1,500.00 to the Appellee, the United States of America, for bringing a frivolous appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This suit was brought in the district court by LaRue and a number of other pro se plaintiffs. LaRue, however, is the only plaintiff who signed the notice of appeal. Therefore, on March 21, 1996, we issued an order dismissing all of the other appellants