Clyde W. LaRUE, Mark Hilvety, Beverly Hilvety, Brian L. Hilvety, Tammy A. Hilvety, Thomas L. Magro, Vicky Magro, Debra L. LaRue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth B. Hilvety, Jeffrey S. Thorpe, Ronald E. Ekiss, Delmar Volentine, Lori Damhorst, Mark Damhorst, Debra I. Damhorst, Andrew J. Hortenstine, Pamela S. Hortenstine, John F. Koester, Marcella K. Koester, Rich McAdams, Russell W. Corrigan, Kimberly S. Corrigan, Jeffrey Gibbs, Kimberly Kelly, David Gibbs, and Jeff White, Plaintiffs,

v.

UNITED STATES, United States of America, its Collectors of Internal Revenue Tax; John Wendorff, Former District Director; John Wendorff, Individually; Robert W. Brock, District Director; Robert W. Brock, Individually; Robert D. Kreige, Former Chief, Special Procedures Function; Robert D. Kreige, Individually; Jim Daniel, Chief Special Procedures Function; Jim Daniel, Individually; Daniel L. Black, Former District Director; Daniel L. Black, Individually; H.A. Williamson, Revenue Officer; H.A. Williamson, Individually; Sam Randazzo, Revenue Officer; Sam Randazzo, Individually; John Ford, Group Manager; John Ford, Individually; V.A. Boeckman, Revenue Officer; V.A. Boeckman, Individually; Georgia L. House, Revenue Officer; Georgia L. House, Individually; Valerie Zeisset, Revenue Officer; Valerie Zeisset, Individually; Ralph B. Logan, Revenue Officer; Ralph B. Logan, Individually; J.D. Nolan, Revenue Officer; J.D. Nolan, Individually; Kathryn L. Jeffers, Special Agent; Kathryn L. Jeffers, Individually; Patrick Calhoun, Special Agent; Patrick Calhoun, Individually; Sue Roderick, Special Agent; Sue Roderick, Individually; Bernard J. Coleman, Special Agent; Bernard J. Coleman, Individually; Larry Wirt, Special Agent; Larry Wirt, In-

dividually; Robert Jacobs, Special Agent; Robert Jacobs, Individually; Bill McCormick, Special Agent; Bill McCormick, Individually; H. Matson, Special Agent; H. Matson, Individually; Gary Brown, Revenue Officer; Gary Brown, Individually; and other John Does to be named, Defendants.

No. 96–3270.

United States District Court,
C.D. Illinois,
Springfield Division.

April 3, 1997.

Clyde LaRue, Springfield, IL, pro se.

Mark Hilvety, Macon, IL, pro se.

Beverly Hilvety, Macon, IL, pro se.

Brian L. Hilvety, Moweaqua, IL, pro se.

Tammy A. Hilvety, Moweaqua, IL, pro se.

Thomas Magro, Springfield, IL, pro se.

Vicky Magro, Springfield, IL, pro se.

Debra L. LaRue, Springfield, IL, pro se.

Dale T. Hedberg, Breese, IL, pro se.

Patricia A. Hedberg, Breese, IL, pro se.

Neil Hilvety, Macon, IL, pro se.

Ruth Hilvety, Macon, IL, pro se.

Jeffrey S. Thorpe, Springfield, IL, pro se.

Ronald E. Ekiss, Decatur, IL, pro se.

Delmar Volentine, Sorento, IL, pro se.

Lori Damhorst, Quincy, IL, pro se.

Mark Damhorst, Quincy, IL, pro se.

Debra I. Damhorst, Quincy, IL, pro se.

Andrew J. Hortenstine, Windsor, IL, pro se.

Pamela S. Hortenstine, Windsor, IL, pro se.

John F. Koester, Effingham, IL, pro se.

Marcella K. Koester, Effingham, IL, pro se.

Rich McAdams, Rochester, IL, pro se.

Russell W. Corrigan, Sutter, IL, pro se.

Kimberly S. Corrigan, Sutter, IL, pro se.

Jeffrey T. Gibbs, Modesto, IL, pro se.

Kimberly M. Kelly, Modesto, IL, pro se.

David Gibbs, Modesto, IL, pro se.

Jeffrey H. White, Franklin, IL, pro se.

Gerald H. Parshall, Jr., U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

## *OPINION*

RICHARD MILLS, District Judge:

Another frivolous tax protest case.

Rule 11 sanctions are again in order.

And the Court enjoins many of these plaintiffs from filing anything further in this Court until they have paid these and all previous sanctions.

## I. BACKGROUND

This is the second tax protest lawsuit Clyde W. LaRue and his colleagues have filed in this Court within two years. The Court dismissed the first lawsuit as frivolous and imposed sanctions on the Plaintiffs under Federal Rule of Civil Procedure 11. Clyde W. LaRue appealed and the United States Court of Appeals sanctioned him for filing a frivolous appeal.

This lawsuit is brought by 29 individuals: Clyde W. LaRue, Mark Hilvety, Beverly Hilvety, Brian L. Hilvety, Tammy A. Hilvety, Thomas Magro, Vicky Magro, Debra L. La-Rue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth Hilvety, Jeffrey S. Thorpe, Ronald E. Ekis, Delmar Volentine, Andrew J. Hortenstine, Pamela S. Hortenstine, Jeffrey T. Gibbs, Kimberly Kelly, and Jeffrey H. White. Only Lori Damhorst, Mark Damhorst, Debra I. Damhorst, John E. Koester, Marcella K. Koester, Rich McAdams, Russell W. Corrigan, Kimberly Corrigan, David Gibbs did not participate in the first suit.

Plaintiffs make essentially the same claims in this lawsuit as they did in the lawsuit they filed in 1995. Specifically, Plaintiffs claim that they are exempt from federal income tax because the State of Illinois is not a "state" as defined by Congress in the Internal Revenue Code. Rather, they argue that Illinois is a member of the "union." Thus, according to their convoluted reasoning, since Illinois is not a state for federal income tax purposes, then they are "non-resident aliens" and exempt from federal income taxes. In a new twist, Plaintiffs also claim that they are the victims of involuntary servitude imposed in violation of the Thirteenth Amendment to the United States Constitution.

The United States filed a motion to dismiss this action. In its motion, the Government argued, on behalf of all Defendants, that this action is frivolous. The Government also asked the Court to sanction Plaintiffs and to enjoin them from filing further lawsuits in this Court until they have fully complied with all sanctions orders.

On the Government's motion, the Court dismissed this lawsuit because it is frivolous. The Court then ordered Plaintiffs to show cause why the Court should not sanction them for filing a frivolous lawsuit. The Court also reserved ruling on the Government's request for an injunction prohibiting Plaintiffs from filing further lawsuits in this Court.

Plaintiffs have now responded to the Court's show cause order. In their response, Plaintiffs argue that this suit is not frivolous because they have tried to comply with all the procedural prerequisites for bringing suit. Plaintiffs place great emphasis on the fact that their prior lawsuits were dismissed for procedural reasons and they believe they have remedied all procedural deficiencies. Plaintiffs, however, ignore the crucial fact that, procedural matters aside, their claim is that they are not subject to the federal income tax. In their previous case in this Court, both this Court and the Court of Appeals stated plainly that Plaintiffs claims that they were not subject to the income tax were frivolous. *LaRue v. Collector of Internal Revenue*, No. 95–2768, 96 F.3d 1450, 1996 WL 508567 (7th Cir. Sept.3, 1996) ("LaRue's argument that he should be treated as a nonresident alien—one that is offered occasionally by tax protesters—is patently frivolous."); *LaRue v. Collector of Internal Revenue*, No. 95–3036, 1995 WL 479521 (C.D.Ill. June 21, 1995) (sanctioning Plaintiffs for filing a frivolous lawsuit). Faced with a second lawsuit within two years by the same group of tax protesters, the Court decided to dismiss this case on the ground that it was, at its core, a frivolous lawsuit. Plaintiffs do not address that issue in their response to the Court's Order to Show Cause.

## II. RULE 11

Rule 11 of the Federal Rules of Civil Procedure provides that:

(b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party

is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed.R.Civ.P. 11(b)-(c). Sanctions for violations of Rule 11 are limited as follows:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

The Court ordered Plaintiffs to show cause why they should not be sanctioned for filing a frivolous complaint. All of the Plaintiffs, who are unrepresented, signed the Complaint.

Their signatures subjected them to Rule 11(b)'s requirements that the Complaint have legal and factual merit.

## III. ANALYSIS

■ The Complaint in this case plainly lacked legal and factual merit. Plaintiffs argue that they are exempt from federal income tax because they are non-resident aliens yet they concede that they are residents of the state of Illinois. Plaintiffs' claim to be non-resident aliens is absurd on its face and is absolutely without legal merit. *E.g.*, *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir.1993) ("The defendant in this case apparently holds a sincere belief that he is a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdictional reach of the federal courts. This belief is of course, incorrect."); *United States v. Sloan,* 939 F.2d 499, 500 (7th Cir. 1991) (Plaintiff contends "that he is not a citizen of the United States, but rather, that he is a freeborn, natural individual, a citizen of the State of Indiana.... This strange argument has been previously rejected as well."); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984). Based on this controlling precedent, the Court concludes that Plaintiffs' claim that they are nonresident aliens and thus not subject to the income tax is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" Fed.R.Civ.P. 11(b)(2). Furthermore, Plaintiffs' claim that, factually, they are nonresident aliens is not one that is "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed.R.Civ.P. 11(b)(3). The same holds true for Plaintiffs' assertions that they were the victims of a mass conspiracy to defraud them into paying the income tax.

Plaintiffs also claim that they are victims of involuntary servitude; a claim that is likewise absurd on its face. The Thirteenth Amendment to the United States Constitution provides that "[n]either slavery nor involuntary servitude" shall exist within the United States. Plaintiffs do not offer in their Complaint, and still have not offered, any

legal support for their bizarre claim that the federal income tax system places them in condition of involuntary servitude.

In summary, it suffices to say that this is a patently frivolous lawsuit. Attacks on the constitutionality of federal taxation have no legal basis. *Miller v. United States,* 868 F.2d 236, 241 (7th Cir.1989) (recognizing "the long and unbroken line of cases upholding the constitutionality of the sixteenth amendment") (citing *Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916)). Plaintiffs ignored the law and the facts when they filed their Complaint. Their conduct is particularly appalling in view of the statements by this Court and the Court of Appeals in the earlier case brought by many of the current Plaintiffs.

Based on Plaintiffs' failure to follow clearly established legal precedents and their choice to ignore the admonitions of two courts that their claims lacked legal merit, the Court concludes that Plaintiffs' violation of Rule 11 was willful. Plaintiffs' intent is clearly to harass and intimidate those named as Defendants in this case and to bog down the federal courts with frivolous lawsuits. Such behavior cannot and will not be tolerated.

■ A willful violation of Rule 11 certainly warrants a stern sanction. The Court will impose a sanction of $2,000.00 upon Clyde W. LaRue, the "lead plaintiff" in this action. *See Cohn v. Commissioner of Internal Revenue,* 101 F.3d 486 (7th Cir.1996) (imposing a standard $2,000.00 sanction for filing frivolous tax protester appeals). The Court imposes a sanction of $200.00 upon the remaining Plaintiffs who also participated in No. 95–3036: Mark Hilvety, Beverly Hilvety, Brian L. Hilvety, Tammy A. Hilvety, Thomas Magro, Vicky Magro, Debra L. LaRue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth Hilvety, Jeffrey S. Thorpe, Ronald E. Ekis, Delmar Volentine, Andrew J. Hortenstine, Pamela S. Hortenstine, Jeffrey T. Gibbs, Kimberly Kelly, and Jeffrey H. White. The Court imposes a sanction of $100.00 upon Lori Damhorst, Mark Damhorst, Debra I. Damhorst, John E. Koester, Marcella K. Koester, Rich McAdams, Russell W. Corrigan, Kimberly Corrigan, David Gibbs.

It is clear, however, that monetary sanctions are not sufficient to deter Plaintiffs from engaging in similar conduct again. Specifically, Plaintiffs have not paid any of the sanctions previously imposed by this Court or by the Court of Appeals. The Court of Appeals discussed a similar problem in *Support Systems, International, Inc. v. Mack,* 45 F.3d 185, 185–86 (7th Cir.1995) (per curiam):

Many pleadings and other papers filed in this court as in other courts have no legal merit whatsoever; they are frivolous, sometimes vicious, not infrequently demented. Most of these frivolous filings are by people who are not assisted by counsel or knowledgeable in the law. Some of these people find it very difficult to understand or, if they understand, accept the orders that this court issues terminating their frivolous litigation. They keep on filing. When monetary sanctions are levied on them for their obduracy, they refuse to pay Their repetitive filings have no greater merit than their original filings, but the cumulative effect in clogging the processes of the court and in burdening judges and staff to the detriment of litigants having meritorious cases is significant.

\* \* \* \* \* \*

Often in such situations—and they are distressingly common—courts enjoin the frivolous litigant from filing any paper with the court or its personnel without express prior authorization by a judge of the court. E.g., *Vinson v. Heckmann,* 940 F.2d 114 (5th Cir.1991) (per curiam). The problem with that response is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue, just with different labels on the filings and perhaps with fewer judges having to read the filings. A response less burdensome to the judiciary, and the one we adopt in this case on the authority of *In re Anderson, supra; Gelabert v. Lynaugh, supra[* 894 F.2d 746 (5th Cir.1990)]; *In re United Markets Int'l, Inc.,* 24 F.3d 650 (5th Cir.1994) (per curiam); and the cases cited in *Martin–Tri-*

*gona v. Sassower, supra,* 9 F.3d at 228–29, is to direct the clerks of all federal courts in the circuit to return unfiled any papers that the litigant attempts to file, unless and until he pays in full the sanctions that have been imposed against him. See also *Sato v. Plunkett,* 154 F.R.D. 189 (N.D.Ill.1994). We make an exception for any criminal case in which Mack is a defendant and for any application for habeas corpus that he may wish to file. That is, we will not impede him from making any filings necessary to protect him from imprisonment or other confinement, but we will not let him file any paper in any other suit in the federal courts of this circuit until he pays the money he owes.

45 F.3d at 185–86.

The Court shares the frustration voiced by the Court of Appeals and adopts a similar approach to put an end to these Plaintiffs' frivolous lawsuits. The Court will direct the Clerk of the Court to return unfiled any pleading, paper, or mail submitted by any of the Plaintiffs who were parties to this case and case No. 95–3036 until those Plaintiffs can demonstrate to the Court that they have paid all sanctions assessed in this case and No. 95–3036. The Court makes an exception for pleadings in any criminal case in which any of these Plaintiffs is a defendant and for petitions for writ of habeas corpus. The Court also allows the prohibited Plaintiffs, no earlier than two years from the date of this order, to petition the Court to modify this order.

*Ergo,* the Court imposes a sanction of $2,000.00 upon Clyde W. LaRue, sanctions of $200.00 each upon Mark Hilvety, Beverly Hilvety Brian L. Hilvety; Tammy A. Hilvety Thomas Magro, Vicky Magro, Debra L. LaRue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth Hilvety, Jeffrey S. Thorpe, Ronald E. Ekis, Delmar Volentine, Andrew J. Hortenstine, Pamela S. Hortenstine, Jeffrey T. Gibbs, Kimberly Kelly, and Jeffrey H. White; and sanctions of $100.00 each upon Lori Damhorst, Mark Damhorst, Debra I. Damhorst, John E. Koester, Marcella K. Koester, Rich McAdams, Russell W. Corrigan, Kimberly Corrigan, David Gibbs. The sanctions are payable to the United States Government and are due by April 30, 1997. Plaintiffs shall remit their payment to Gerald H. Parshall, Jr., Trial Attorney, PO. Box 55, Ben Franklin Station, Washington, D.C. 20044.

The Court further directs the Clerk of the Court and all deputy clerks for the Central District of Illinois to return unfiled any pleading, paper, or mail submitted by Clyde W. LaRue, Mark Hilvety, Beverly Hilvety, Brian L. Hilvety, Tammy A. Hilvety, Thomas Magro, Vicky Magro, Debra L. LaRue, Dale T. Hedberg, Patricia A. Hedberg, Neil Hilvety, Ruth Hilvety, Jeffrey S. Thorpe, Ronald E. Ekis, Delmar Volentine, Andrew J. Hortenstine, Pamela S. Hortenstine, Jeffrey T. Gibbs, Kimberly Kelly, and Jeffrey H. White, with the exceptions and conditions noted in this order, until such persons demonstrate that they have paid in full all sanctions imposed by this Court and the United States Court of Appeals for the Seventh Circuit in this case and No. 95–3036.