1999 OK CIV APP 16

**Ronald Dean LOWE, Appellant,**

v.

**Ronald J. CHAMPION, Appellee.**

**No. 89531.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Certiorari Denied Dec. 10, 1998.

Dec. 15, 1998.

---

Ronald Dean Lowe Stringtown, Oklahoma Pro se Appellant

Ronald A. Anderson Assistant General Counsel Vincent L. Knight General Counsel Oklahoma Department of Corrections Oklahoma City, Oklahoma For Appellee

## OPINION

STUBBLEFIELD, P.J.

¶ 1 This is an appeal by an inmate from the grant of summary judgment in favor of defendant in an action for money judgment and from the imposition of a monetary sanction against plaintiff for filing a frivolous action. The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.1998, ch. 15, app. 1. After a review of the record on appeal and applicable law, we affirm.

¶ 2 From the state of the record presented on appeal, there is no clear picture of how this action was commenced.[1] However, based on an order of the trial court transferring the cause from the small claims division to the civil docket, it appears that Plaintiff Ronald Dean Lowe originally filed a small claims action against Defendant Ronald J. Champion, a prison warden. Although Plaintiff made various allegations of deprivation of civil rights, he primarily sought money damages for loss of personal property, which he claimed was lost during the time he was placed in a restrictive housing unit and then moved from one prison to another.

¶ 3 Defendant filed a motion to stay, requesting an order directing a "special report." The trial court entered such an order, and a special report was filed. The report stated that Plaintiff's property was inventoried when he was placed in restricted housing but Plaintiff did not list the various items

---

1. Pursuant to a February 10, 1998, order of the supreme court, Plaintiff filed a copy of a petition, dated February 1, 1998, which does not appear to relate to the action that forms the basis of the appeal. Instead, it appears to be a complaint with regard to post-decisional " 'Gestapo' style raid," which amounted to a confiscation of property Plaintiff claimed was retaliatory.

he now claims were lost. Indeed, a copy of the inventory does not list these items. The report also revealed explicit departmental policy that all personal property brought into a Department of Corrections (DOC) facility is retained at the inmate's own risk.

■ ¶ 4 Based on the report, Defendant sought summary judgment as well as sanctions against Plaintiff for bringing a frivolous lawsuit. Defendant pointed out that the Governmental Tort Claims Act, 51 O.S.1991 and Supp.1997 §§ 151–201, immunizes him, as an employee of DOC, from tort liability so long as he was acting within the scope of his employment as the warden of the correctional facility in which Plaintiff was incarcerated. Section 152.1(A). He also asserted that Plaintiff could not bring an action against DOC because he failed to show that he had exhausted his administrative remedies. Finally, Defendant asserted immunity under the provision of section 155.23, which bars liability for a loss arising from the operation of a prison.[2]

¶ 5 The trial court sustained Defendant's motion for summary judgment, dismissed the action and sanctioned Plaintiff in the amount of $300 for filing a frivolous lawsuit. Plaintiff appeals.

■ ¶ 6 Plaintiff does not state any propositions of error. Stripped of irrelevant, redundant and contradictory statements, his argument is that he did not have to exhaust his administrative remedies and that the Governmental Tort Claims Act is not pertinent to the lawsuit, because he is not suing the government but the warden as an individual. However, from what little the record demonstrates, it does not appear that Plaintiff claims the warden, personally, had any part in the inventory process or in securing Plaintiff's personal property or engaged in personal actions that caused the loss. He certainly makes no allegations that Defendant performed any act outside the scope of his employment. In spite of this fact, Plaintiff adamantly seeks recovery only from De-

fendant. Yet, 51 O.S.1991 § 153(A), unequivocally creates liability of *the state* "for loss resulting from ... the torts of its employees acting within the scope of their employment," and section 163(C) specifically provides "[i]n no instance shall an employee of the state ... acting within the scope of his employment be named as defendant...."[3]

¶ 7 Importantly, Plaintiff states:

Specifically, the relevant statute conveys that "(a)n inmate in the custody of the Department of Corrections shall exhaust all available administrative remedies prior to initiating an action in district court *against the Department* (of Corrections)." [57 O.S.1991 § 564.] (Emphasis supplied.) Here, the critical phrase is *"against the Department."* In no way, in the case under review, has the Appellant either implicitly or explicitly attempted to initiate a civil tort relief action against the Department of Corrections, for the State of Oklahoma. Precisely, the *only* named [Defendant] is Ronald Champion.

Thus, Plaintiff admits his claim is against Defendant only, while failing to make necessary allegations of the personal involvement of Defendant outside the scope of his employment. In such a circumstance, we find that the trial court correctly granted summary judgment to Defendant.

■ ¶ 8 We commend the trial court for the use of the special report procedure approved by the court in *Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir.1978). The district court in *Martinez* ordered corrections officials to undertake an investigation of the incident cited as the basis for the plaintiffs' claim. The report enabled the district court to decide jurisdictional issues and make a determination as to whether the action was frivolous. The appellate court approved this procedure whereby a state prison administration, at a level where the facts can be adequately developed, first examines and considers the incident, circumstances, and conditions giving rise to the asserted cause of

2. Note that the immunity created under the Governmental Tort Claims Act is immunity from suit, not merely from liability. *Jackson v. City of Beaumont Police Dept.,* 958 F.2d 616 (5th Cir. 1992).

3. Our exposure to others of Plaintiff's many lawsuits convinces us that Plaintiff has been apprised of these provisions of the law.

action and develops a record before the court proceeds beyond preliminary stages.

¶ 9 The procedure is especially applicable where it is virtually impossible to sift through multiple argumentative allegations in an effort to determine whether any of Plaintiff's claims are legitimate. Certainly, Plaintiff's obfuscation of his pleadings with frivolous, meritless and abusive allegations heavily burdens and, for all practical purposes, precludes any effort by the courts to discern, understand or adjudicate his claims. Only by using the special report could the trial court efficiently review the facts and circumstances purported to give Plaintiff a cause of action.

¶ 10 For the foregoing reasons, we conclude the suit was wrongfully brought against Defendant Champion. Based on our review of the entire record, we find that the trial court could reasonably conclude the action was frivolous or malicious. In such circumstances, dismissal is statutorily authorized, 57 O.S.1991 § 566, and appropriate.

 ¶ 11 In regard to the trial court's authority to impose sanctions, we again find the lower court's action appropriate.[4] The trial court has inherent powers to impose restrictions and/or sanctions for abusive behavior. *In re McDonald,* 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). We find the filing of frivolous and harassing lawsuits sufficiently abusive to justify appropriate sanction. As the court in *Gelabert v. Lynaugh,* 894 F.2d 746, 748 (5th Cir. 1990)(per curiam), stated:

> Like any other every pastime, recreational litigation has its price; such sanctions as

this are imposed for the very purpose of causing the would-be pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation.

*See also Moody v. Miller,* 864 F.2d 1178, 1179 n. 2 (5th Cir.1989). Although Plaintiff has the right of access to the courts, the Constitution of the United States does not provide such a right to prosecute actions that are frivolous or malicious. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989).

¶ 12 Plaintiff's current action is but a rivulet in the growing flood of meritless prisoner litigation. However, our exposure to several other of Plaintiff's many legal assaults convinces us that the actions of this prisoner alone are a threat to the resources for judicial review. If the imposed sanction causes Plaintiff to "think twice" before launching other such baseless legal filings, then it will have accomplished its intended purpose.

¶ 13 Accordingly, the judgment of the lower court is affirmed in all regards. Plaintiff's motion seeking award of attorney fees is denied.

¶ 14 AFFIRMED.

REIF, J., and RAPP, J., concur.

---

4. We take judicial notice of the six actions filed by this Plaintiff which, by random assignment, have come before this specific three-judge division in this calendar year.