IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41433
Conference Calendar

_____

IN RE:    JAMES LEONARD McCURRY,

                                        Plaintiff-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-699
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    James Leonard McCurry, Texas prisoner #735421, seeks leave
to proceed in forma pauperis (IFP) on appeal following
certification that his appeal was taken in bad faith, pursuant to
*Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997).  McCurry argues
that the sanctions order on which the district court relied to
deny him leave to file a lawsuit in another judicial district did
not require him to pay the monetary sanction before filing future
lawsuits but rather allowed him to obtain permission without
regard to the monetary sanction; that any requirement that he pay
the sanction before filing future suits deprives him of access to

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the courts; and that the district court violated the Due Process Clause and FED. R. CIV. P. 11 when imposing the sanction.

McCurry took no appeal from the order imposing sanctions on him; any appeal now would be untimely. *See* FED. R. APP. P. 4(a)(1). We will not consider a direct attack on the sanctions order.

McCurry's argument that enforcement of the sanction order deprives him of access to the courts is unavailing -- a litigant's inability to pay a monetary sanction does not excuse the litigant from the effect of the sanction. *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990). Contrary to McCurry's assertion, the order does not provide that he *either* pay the sanction *or* obtain permission to file. McCurry's factual argument regarding the sanctions order is without merit. McCurry's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED. 5TH CIR. R. 42.2.