United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40858
Conference Calendar

_____

MEDI-EQUIP SALES & RENTALS/HEALTHCARE MEDICAL;
KEITH O. IRBY, Individually and Sole Owner,

Plaintiffs-Appellants,

versus

TOMMY THOMPSON, SECRETARY, DEPARTMENT OF HEALTH
AND HUMAN SERVICES; BLUE CROSS BLUE SHIELD TEXAS-
DALLAS; DR. COLEMAN, Chief Executive Officer;
BARBARA HARVEY, Supervisor; LINDA PARKER, Supervisor;
RHONDA RICHARDSON, Program Compliance; HEALTH CARE
FINANCE ADMINISTRATION (CMS)-DALLAS; DAVE McNALLY,
Deputy Director-Baltimore; SUSAN McLAUGHLIN,
Supervisor-Dallas; MAGDA FLORES, Assistant-Dallas (R);
JERRY SCONCE, Director-Dallas (R),

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-03-CV-316
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Keith O. Irby, a Texas resident, filed this pro se civil

action on behalf of his company, Medi-Equip Sales & Rentals,

against the captioned defendants, seeking to recover millions of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dollars from the defendants for medical-equipment sales that he alleges were lost because the defendants fraudulently caused him to be prosecuted and convicted for mail fraud in 1989. The district court dismissed the action <u>sua</u> <u>sponte</u> pursuant to an August 23, 2002, sanction order in Irby's criminal case, No. 88-CR-308-ALL, which prevented him from filing in the district court for the Southern District of Texas any action that "relates to his criminal case."

The district court did not abuse its discretion in dismissing the instant lawsuit pursuant to the sanction order. <u>See</u> <u>Gelabert v. Lynaugh</u>, 894 F.2d 746, 747-48 (5th Cir. 1990). Irby has alleged in this action that the allegedly fraudulent conviction directly caused the harm for which he seeks redress. The action is thus directly related to his criminal action.

Irby's "Answer to Request for Corporate Counsel," construed as a request on behalf of Medi-Equip to proceed without a licensed attorney, is DENIED as unnecessary.

The judgment of the district court is AFFIRMED.