**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20290
Summary Calendar

JEFFREY BALAWAJDER,

Plaintiff-Appellant,

versus

BENNY G. RAIMER,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-MC-26

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeffrey Balawajder, Texas inmate #520106, has appealed the district court's denial of his motion for relief under FED. R. CIV. P. 59(e) and the denial of his request, as a sanctioned litigant, for permission to file a civil complaint in the district court. Our review is for an abuse of discretion. Martinez v. Johnson, 104 F.3d 769, 771 (5th Cir. 1997); Topalian v. Ehrman, 3 F.3d 931, 934 (5th Cir. 1993); Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Balawajder contends that the district court lacked jurisdiction to enforce a sanction order that had been issued by another district court and that the enforcement of the sanction constituted a denial of due process. We have previously rejected this argument. Balawajder v. Scott, 160 F.3d 1066, 1068 (5th Cir. 1998).

Balawajder asserts that the district court did not provide sufficient notice of the requirements that he must fulfill to obtain permission to file a complaint in the district court. He challenges the district court's determinations that his complaint is excessive in length and contains misjoined parties and claims, contract causes of action that were devised to circumvent the statute of limitations, and outlandish allegations of conspiracy.

In his appellate brief, Balawajder has not challenged the district court's conclusion that his complaint contained civil rights claims that would be barred by the statute of limitations; thus, he has abandoned any such challenge. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Balawajder has not provided facts and citations to authority to support his assertion that his contract claims are legally viable and sufficient claims. Although we apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523,

2

524 (5th Cir. 1995).  Balawajder has not shown error in the district court's determinations regarding his contract claims.  <u>See Brinkmann</u>, 813 F.2d at 748.  Balawajder's conclusional allegations are not sufficient to demonstrate a conspiracy.  <u>Wilson v. Budney</u>, 976 F.2d 957, 958 (5th Cir. 1992).

Balawajder incorrectly contends that the district court dismissed his complaint because the complaint contained parties and claims joined in violation of FED. R. CIV. P. 18(a) and 20.  The district court denied Balawajder leave to file the complaint for all the reasons specified in its order.  Balawajder has not shown that the district court's decision was an abuse of discretion.  <u>See Gelabert</u>, 894 F.2d at 748.

**AFFIRMED.**