# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 13-10340
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM M. RISBY,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; FORT
WORTH, F.C.I.; RUBEN O'NEAL COLEMAN; LIBBY BROWN; KENNETH
GOLDSBY; MARILYN ELAINE MARSHALL; MR. SERAFANO; REBECCA
TAMEZ; JAMIE BENGFORD; JAMES MCKINNEY; MARTIN J. GUTIERREZ,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-154

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

William M. Risby seeks leave to proceed in forma pauperis (IFP) on appeal
from the dismissal of his civil rights complaint against the Bureau of Prisons
(BOP), the Federal Correctional Institute in Fort Worth, and employees of that
prison wherein he alleged that the defendants withheld important legal
documents and evidence from him and also filed false reports against him.  In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 13-10340

two prior district court cases, Risby was barred from filing any civil action without first obtaining permission from the district court. Because Risby failed to seek permission prior to filing the instant action, the district court dismissed Risby's complaint, denied Risby's request to proceed IFP on appeal, and certified that the appeal was not taken in good faith.

Risby's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992). A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); § 1915(a)(3).

Risby contends that the district court erred in dismissing his complaint without allowing him to amend his complaint or conducting a *Spears*[1] hearing. Because the district court's dismissal was on the basis of a prior sanction imposed, neither an amendment to the complaint nor a *Spears* hearing would have been relevant. Moreover, Risby does not indicate what additional information he would have provided had he been ordered to amend. Risby also argues that he was unaware of the sanction and alleges that the BOP tampered with his mail. However, this argument is conclusory and does not challenge the district court's order of dismissal.

On appeal, Risby does not dispute the existence of the sanction imposed by the Northern District of Texas. However, he argues, in conclusory fashion, that the district court's dismissal of his complaint denies him his right of access to the courts.

The dismissal of a suit for failure to comply with an earlier sanction order is reviewed for an abuse of discretion. *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990). Because Risby fails to present any argument showing an ability to pursue a nonfrivolous and arguable legal claim for relief, Risby's appeal does

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

not present a legal issue arguable on its merits and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, the motion for leave for IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. Risby's motion for the appointment of counsel is DENIED. Risby is WARNED that future frivolous appeals may result in the imposition of sanctions including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.