**Eric FLORES, Plaintiff-Appellant**

v.

**TEXAS DEPARTMENT OF CRIM-INAL JUSTICE; C. Landis, Defendants-Appellees**

**No. 16-20459**

United States Court of Appeals, Fifth Circuit.

Filed May 30, 2017

Eric Flores, Pro Se

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Eric Flores, Texas prisoner # 2051801, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1983. Noting that Flores had an unpaid monetary sanction in the Eastern District of Texas in case no. 9:15-cv-0060, the district court dismissed Flores's complaint without prejudice to refiling after he paid the outstanding monetary sanction and obtained permission from the court to proceed with his litigation. The district court also denied Flores's motion for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Flores's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v.*

*Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).

Flores fails to provide any financial documentation establishing that he is a pauper and eligible to proceed IFP. *See* § 1915(a); *Carson*, 689 F.2d at 586. Furthermore, Flores's argument challenging the district court's determination that he has an outstanding monetary sanction is conclusory and nonsensical. Specifically, Flores asserts that the district court judge, Lee H. Rosenthal, falsified documentation regarding the monetary sanction in order to prevent him from filing additional legal claims. Flores further asserts that the Judge Rosenthal is not a legitimate judge since he was neither appointed by the President nor confirmed by the Senate. Flores also asserts the bizarre claim that he is in imminent danger of death because unidentified prison officials have executed him by electric chair and have utilized deadly technology to cause him severe mental pain. Flores's bizarre, conclusory, and nonsensical claims fail to present a nonfrivolous issue for appeal. *See Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Flores's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Flores is WARNED that any future frivolous, repetitive, or otherwise abusive filings will subject him to additional and progressively more severe sanctions. Flores is DIRECTED to review all pending matters and move to dismiss any that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are frivolous, repetitive, or otherwise abusive.