# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-11031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID EARL KATES,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-18

————

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:*

David Earl Kates, federal prisoner # 30428-077, moves to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the district court's enforcement of a sanction order. The district court certified that Kates's appeal was not taken in good faith. By moving for IFP status, Kates is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11031

Kates is an abusive litigant and has been sanctioned on several occasions.  In 2017, Kates submitted a motion under Federal Rule of Civil Procedure 60(b) challenging the denial of a certificate of appealability (COA) in 2002.  In accordance with a prior sanction order, this pleading was stricken without a ruling from the district court because he had not obtained written permission to file the pleading.  We review such actions for an abuse of discretion.  *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990).  Kates argues the merits of his challenge to his sentence, but he has not addressed the district court's enforcement of the sanction order.  Accordingly, he has abandoned the only possible issue for appeal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Kates has failed to show that the instant appeal involves legal points arguable on their merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.