# United States Court of Appeals for the Fifth Circuit

───────────────

No. 22-11151
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua William Jackson,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-196-1

───────────────────────────────

Before Haynes, Engelhardt, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Joshua William Jackson, federal prisoner # 54191-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Jackson contends that the district court failed to consider and provide sufficient reasons for concluding that the following extraordinary and compelling reasons did not warrant compassionate release: (1) intervening

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11151

changes in law render his 18 U.S.C. § 922(n) conviction unconstitutional; (2) the district court misapplied the Sentencing Guidelines when calculating his 156-month sentence; (3) his repeated COVID-19 infections; (4) his inability to be vaccinated due to allergies; (4) his rehabilitative efforts since sentencing; and (5) his eligibility to receive time credits pursuant to 18 U.S.C. § 3632(d). Jackson further argues that the district court abused its discretion in denying relief based solely on the sentencing factors set forth in 18 U.S.C. § 3553(a)(2), without consideration and explanation of the remaining § 3553(a) factors.

Here, the district court explicitly stated that it had considered Jackson's arguments for a lower sentence, including his postsentence rehabilitation and the intervening changes in law cited by Jackson, when concluding that compassionate release was not warranted under a balancing of the § 3553(a) sentencing factors. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Jackson's disagreement with how the district court balanced the § 3553(a) sentencing factors is insufficient to demonstrate a nonfrivolous issue for appeal. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Jackson has failed to show a nonfrivolous issue with respect to the district court's denial of his motion for compassionate release based on a balancing of the § 3553(a) sentencing factors. *See id.* at 693. As such, this court need not consider Jackson's contention that extraordinary and compelling reasons justified relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

Jackson failed to heed the district court's warning regarding the filing of repetitive motions seeking a sentence reduction or compassionate release.

No. 22-11151

Instead, he continued to file repetitive motions, as well as a letter threatening to continue to do so "every 60 to 90 days." Therefore, Jackson does not demonstrate a nonfrivolous issue with respect to whether the district court abused its inherent power to impose a sanction requiring Jackson to obtain the consent of the district court prior to filing any future motion seeking a sentence reduction or compassionate release. *See Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990); *see also Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1990) (upholding a pre-filing review procedure).

The appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 220. Jackson's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.